**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-6751**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CLARKE COLEMAN SHAW,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, Senior District Judge. (5:07-hc-02214-BR)

Submitted: December 15, 2008      Decided: January 30, 2009

Before NIEMEYER, TRAXLER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James B. Craven, III, Durham, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Michael Lockridge, Special Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

On November 30, 2007, the Government moved to certify Clarke Coleman Shaw as a sexually dangerous person under 18 U.S.C. § 4248(a) (2006). In response to this petition, as well as seventeen other similar petitions, the district court noted that it had found 18 U.S.C. § 4248 unconstitutional, see United States v. Comstock, 507 F. Supp. 2d 522, 559 (E.D.N.C. 2007). Comstock, and consequently the issue of the constitionality of § 4248, was on appeal in this court. See United States v. Comstock, 551 F.3d 274 (4th Cir. 2009) (district court affirmed January 8, 2009). Accordingly, by order entered January 10, 2008, the district court appointed the Federal Public Defender to represent Shaw and the other Respondents and held in abeyance any further action in the proceedings pending decision in Comstock. Shaw's counsel moved to withdraw from representation, citing "a deterioration of the attorney-client relationship." On the basis that Shaw's case had been stayed pending the outcome in Comstock, the district court denied the motion without prejudice. Shaw now appeals the order denying counsel's motion to withdraw from representation.

As a threshold matter, we note that we enjoy jurisdiction over this interlocutory appeal under the collateral order doctrine which "is limited to trial court orders affecting

2

rights that will be irretrievably lost in the absence of an immediate appeal." Richardson-Merrell, Inc. v. Koller, 472 U.S. 424, 430-31 (1985). See Whiting v. Lacara, 187 F.3d 317, 320 (2d Cir. 1999) (holding denial of counsel's motion to withdraw as counsel appealable under the collateral order doctrine).

With respect to the merits, whether a motion for substitution of counsel should be granted is within a trial court's discretion. United States v. Corporan-Cuevas, 35 F.3d 953, 956 (4th Cir. 1994). An indigent defendant has no right to a particular attorney and can demand new counsel only for good cause. See United States v. Gallop, 838 F.2d 105, 108 (4th Cir. 1988). Further, a defendant does not have an absolute right to substitution of counsel. United States v. Mullen, 32 F.3d 891, 895 (4th Cir. 1994). In evaluating whether the trial court abused its discretion in denying a motion to withdraw, this court must consider: (1) the timeliness of the motion; (2) the adequacy of the court's inquiry; and (3) whether the attorney/client conflict was so great that it resulted in total lack of communication, preventing an adequate defense.[*] United

---

[*]This court applies the same test whether reviewing counsel's motion to withdraw or a party's motion for substitution of counsel. See United States v. Johnson, 114 F.3d 435, 442 (4th Cir. 1997).

3

States v. Reevey, 364 F.3d 151, 156-57 (4th Cir. 2004). These factors are weighed against the district court's "interest in the orderly administration of justice." Id. at 157.

Based on the sole reason given to the district court, a deterioration of the attorney-client relationship, we find no abuse of discretion in the district court's order denying counsel's motion to withdraw. The case had been stayed pending decision in Comstock and therefore the court reasonably determined that withdrawal was unnecessary at that juncture. To the extent appellate counsel argues that Shaw's case is "compelling" and different than the other fifty-six defendants awaiting decision in Comstock, this argument was not presented to the district court and Shaw has therefore waived review in this court. See Singleton v. Wulff, 428 U.S. 106, 120 (1976) (noting generally federal appellate court does not address issues not raised below); Muth v. United States, 1 F.3d 246, 250 (4th Cir. 1993) (explaining issues not raised in district court will not be considered on appeal unless the refusal to consider newly-raised issue would result in miscarriage of justice).

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal

4

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED